UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREGORY LANGLEY, et al., § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> NETJETS AVIATION INC., § <br> § <br> *Defendant*. § | Civil Action No. 3:23-CV-2300-X |

**MEMORANDUM OPINION AND ORDER**
**DENYING PRELIMINARY INJUNCTION**

The federal government has lots of regulations when it comes to pilots. (Though it seems like airplanes and not pilots are the issue as of late.[1]) This case stems from a recent change in federal law allowing large fractional carriers like NetJets Aviation Inc. ("NetJets") to set a 70-year-old age limit for pilots. NetJets did, notifying the pilots on January 10, 2023, that the age cap would take effect on January 10, 2024. About 80 pilots are affected. The Pilots Union lost in arbitration, and eight pilots brought this lawsuit and asked for a preliminary injunction to keep the age cap from taking effect January 10, 2024. (Doc. 23). The pilots argue they should prevail over the age cap under (1) the federal age discrimination law, (2) the federal National Labor Relations Act ("NLRA"), and (3) their collective bargaining

---

[1] *Compare* Captain Chesley "Sully" Sullenberger's Miracle on the Hudson (*see* https://en.wikipedia.org/wiki/US_Airways_Flight_1549) *with* Boeing's woes with the 737 Max 9 (*see* https://apnews.com/article/alaska-airlines-portland-oregon-emergency-landing-boeing-c4810be9aff3bc3b61610acc1e43c417) and Max 8 (discussing the FAA grounding of the Max 8 after two fatal crashes in 2019).

1

agreement ("CBA"). But a federal age discrimination claim must first go to the Equal Employment Opportunity Commission, and the pilots' claim did not. As to their NLRA claim, the NLRA expressly excludes from its coverage entities like NetJets that are covered under the federal Railway Labor Act.[2] And as to their CBA claim, the key remedy for a Court under the CBA is to issue a preliminary injunction only while the parties arbitrate. But the parties already arbitrated this issue, so an injunction is inappropriate. Because none of the pilots' three claims is likely to succeed on the merits, the Court **DENIES** the motion for a preliminary injunction.

## I. Background

Defendant NetJets is a private business jet charter and aircraft management company.[3] Plaintiffs Gregory Langley, Hiram Scott, Otto Rossner, William Belcher, Jim Mohr, Donald Ross, Joseph Akins, and Roger Stout (collectively, the "Pilots") are pilots employed by NetJets to fly its private charter jets.[4] The Pilots have union membership with the NetJets Association of Shared Aircraft Pilots (the "Union"), pursuant to the terms of the Railway Labor Act.[5] NetJets and the Union have a CBA, which provides, in relevant part, that neither the Union or NetJets shall discriminate against any crewmembers covered by the agreement, including because of their age, and to provide equal opportunity to all persons.[6] In December 2022, a federal

---

[2] The Railway Labor Act applies to the airline industry. I know. It's weird. But perhaps no stranger than the Texas Railroad Commission regulating oil and gas.

[3] Doc. 18 at 3.

[4] *Id.*

[5] *Id.*

[6] *Id.*

2

omnibus spending bill passed allowing large fractional operators and charter providers to set a voluntary 70-year-old age limit for pilots.[7] On January 10, 2023, NetJets notified the Union and the Pilots that it was adopting a mandatory retirement age of 70 for its pilots, effective January 10, 2024 (the "Policy").[8] The Pilots are or will be age 70 when the Policy goes into effect.[9] The Union filed a grievance with NetJets over the Policy alleging violations of the CBA (including Section 12.1) and past practices.[10] After NetJets denied the grievance, the Union and NetJets arbitrated this dispute, and the arbitration board also denied the grievance.[11] The Pilots filed the present motion for a preliminary injunction seeking an order that halts implementation of the Policy scheduled to go into effect on January 10, 2024.[12]

## II. Legal Standard

"To be entitled to a preliminary injunction, the applicants must show (1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest."[13]

---

[7] *Id.* at 3–4.

[8] *Id.* at 4.

[9] *Id.* at 5.

[10] *Id.*

[11] Doc. 25 at 12–13.

[12] Doc. 23.

[13] *City of El Cenizo, Tex. v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018).

## III. Analysis

### A. Likelihood of Success on the Merits

The Pilots' complaint alleges claims for employment discrimination under: (1) the Age Discrimination in Employment Act ("ADEA"), (2) the National Labor Relations Act ("NLRA"), and (3) breach of the CBA. The Court will consider each in turn.

The ADEA prohibits discrimination "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."[14] Filing a charge with the EEOC or a comparable state agency is a condition precedent to filing an ADEA claim.[15] Here, the Pilots do not allege that they filed an EEOC charge, and their motion indicates that they did not so do.[16] Accordingly, the ADEA claim is unlikely to succeed because it was not properly exhausted.

Second, NetJets is not subject to the NLRA, so that claim is also unlikely to succeed. Section 8 of the NLRA prohibits "unfair labor practices" by an "employer" and excludes "any person subject to the Railway Labor Act" from the definition of employer.[17] As the Pilots plead, the Railway Labor Act governs their collective bargaining, representation, and grievance processing with NetJets through their

---

[14] 29 U.S.C. § 623(a).

[15] 29 U.S.C. § 626(d)(1); *Julian v. City of Houston, Tex.*, 314 F.3d 721, 725 (5th Cir. 2002).

[16] Doc. 23 at 4 ("While Plaintiffs could file their ADEA claim, they can also rely on the CBA's anti-discrimination clause to raise the age issue without the need to exhaust administrative remedies with the EEOC or [Texas Workforce Commission]").

[17] 29 U.S.C. § 158(a); 29 U.S.C. § 152(2).

Union membership.[18]  What's more, NetJets is an air carrier subject to Federal Aviation Administration regulation Part 135, and Congress expanded RLA coverage to apply to "every common carrier by air engaged in interstate or foreign commerce."[19] Thus, NetJets is not subject to the NLRA.

Finally, this Court does not have jurisdiction over the Pilots' claim for breach of the CBA under the RLA.  Federal court jurisdiction over an RLA claim turns on whether the dispute is categorized as "major" or "minor."[20]  "Major" disputes concern "the formation of collective agreements or efforts to secure them[,]" while minor disputes "relate to the meaning or proper application of a particular provision with reference to a specific situation."[21]  "[D]istrict courts do not have jurisdiction over minor disputes, which are subject to compulsory and binding arbitration before the National Railroad Adjustment Board."[22]  Here, the Pilots alleged dispute concerning whether Section 12.1 of the CBA protects the Pilots from the Policy is legally minor because the question concerns the proper application of the CBA to this situation. And the parties have already engaged in a binding arbitration over this dispute—the Union and NetJets arbitrated this dispute before an arbitration board that determined it was unable to identify any violation of the CBA.[23]  Given that the Court

---

[18] Doc. 18 at 3.

[19] 45 U.S.C. § 181; *see also Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 248 (1994) (noting extension of RLA to airline industry).

[20] *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 435 (5th Cir. 2021).

[21] *Id.*

[22] *Id.*

[23] Doc. 25 at 13.

has no jurisdiction over this claim, it is also unlikely to succeed. Because the Court concludes that each of the Pilots' claims are unlikely to succeed on the merits, the Pilots failed to establish a required element for a preliminary injunction.

### B. Exceptional Circumstances

A preliminary injunction may be issued in a case involving a minor dispute under the RLA only in exceptional circumstances.[24] "Such injunctions may issue only where necessary to preserve the jurisdiction of the grievance procedure, or where a disruption of the status quo would result in irreparable injury of such magnitude that it would render any subsequent decision meaningless."[25] Therefore, although the Court determined that the Pilots' claims were unlikely to succeed on the merits, and it did not have jurisdiction over the breach of CBA claim, the Court will consider whether this case presents an exceptional circumstance warranting an injunction.

Here, a preliminary injunction is unnecessary to preserve the jurisdiction of the grievance procedure because the Union and NetJets already arbitrated the dispute, and the arbitration board returned a decision denying the grievance. Additionally, although the Policy will injure around 80 pilots,[26] the injury is not irreparable. If the Pilots are ultimately successful in litigation, they could be reinstated. Plus, not only have the affected pilots known about the Policy's effective

---

[24] *Allied Pilots Ass'n v. Am. Airlines, Inc.*, 898 F.2d 462, 465 (5th Cir. 1990).

[25] *Int'l Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.-Airline Div. & Teamsters Local 19 v. Sw. Airlines Co.*, 875 F.2d 1129, 1136 (5th Cir. 1989).

[26] *Id.*

date for at least a year, giving them time to prepare, but the CBA ensures the Pilots will receive severance.[27]  Thus, there is no indication that the Policy's implementation will disrupt the status quo enough to support the very rare preliminary injunction in this context.

### IV. Conclusion

Because the Court concludes that the Pilots failed to establish that any of their claims is likely to succeed on the merits, and this case does not warrant the exceptionally rare preliminary injunction under the RLA, the Court **DENIES** the motion for preliminary injunction. (Doc. 23).

**IT IS SO ORDERED** this 8th day of January, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[27] Doc. 25 at 23.