UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY LANGLEY, et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-2300-X |
| | § | |
| NETJETS AVIATION INC., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs Gregory Langley, Hiram Scott, Otto Rossner, William Belcher, Jim Mohr, Donald Ross, Joseph Akins, Gary Caswell, and Roger Stout's motion for leave to file a second amended complaint. (Doc. 38). Having considered the motion, the Court **GRANTS** it.

**I. Background**

Defendant NetJets Aviation Inc. is a private business jet charter and aircraft management company. Plaintiffs were pilots employed by NetJets to fly its private charter jets. In December 2022, a federal omnibus spending bill passed allowing large fractional operators and charter providers to set a voluntary 70-year-old age limit for pilots. NetJets adopted a mandatory retirement age of 70 for its pilots, effective January 10, 2024. The plaintiffs filed this lawsuit and a motion for a preliminary injunction seeking an order to halt implementation of that policy, which this Court

1

denied. Plaintiffs now seek to amend their complaint. The motion is ripe for this Court's review.

## II. Legal Standard

Federal Rule of Civil Procedure 15(a) allows courts to "freely give leave [to amend] when justice so requires."[1] Decisions concerning motions to amend are "entrusted to the sound discretion of the district court."[2] To determine whether to grant leave to amend a complaint, courts consider factors such as: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of amendment.[3]

## III. Analysis

The Court concludes that the plaintiffs should be given leave to amend their complaint. The plaintiffs seek to amend their complaint to remove their NLRA claims and injunctive relief remedy, add a retaliation claim, add a plaintiff, and explain that they have filed EEOC complaints to exhaust their administrative remedies. They timely filed this motion for leave before the deadline the parties agreed to in their joint proposed scheduling order, and there is no evidence of bad faith. Likewise, it appears that the proposed second amended complaint cures deficiencies in the

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998).

[3] *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).

plaintiffs' earlier complaint, and, considering this case is still in the early stages, the amendment will not unduly prejudice NetJets.

Importantly, the amendment is not futile.  Prior to this proposed second amended complaint, the plaintiffs indicated that they had not filed administrative charges with the EEOC for their ADEA claims before filing this lawsuit.  ADEA prohibits discrimination "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."[4] Filing a charge with the EEOC or a comparable state agency is a condition precedent to filing an ADEA claim.[5]  After timely filing an EEOC charge, and waiting sixty days, the plaintiff can file suit or amend a pleading in a pending lawsuit.[6]  The plaintiff may, but need not, obtain a right to sue notice before seeking judicial review.[7]  Here, the plaintiffs filed their EEOC charges, and on February 23, 2024, they received their right-to-sue letters.  Thus, the plaintiffs here have satisfied the ADEA's preconditions to filing suit.  And they can now amend their complaint to add their ADEA claims.[8]

## IV. Conclusion

For the reasons detailed above, the Court **GRANTS** the plaintiffs' motion for leave to file a second amended complaint.  (Doc. 38).  Accordingly, the Court **INSTRUCTS** the Clerk of Court to file Doc. 38-1 as a separate docket entry.

---

[4] 29 U.S.C. § 623(a).

[5] 29 U.S.C. § 626(d)(1); *Julian v. City of Houston, Tex.*, 314 F.3d 721, 725 (5th Cir. 2002).

[6] *Julian*, 314 F.3d at 726.

[7] *Id.*

[8] *See id.*

3

Furthermore, the Court **FINDS AS MOOT** NetJets' motion to dismiss (Doc. 29) and the plaintiffs' motion to file a sur-reply (Doc. 47).  The Court also **FINDS AS MOOT** the motion for sanctions (Doc. 31).

    **IT IS SO ORDERED** this 3rd day of May, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE